Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John C. O'Meara | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7582 | **DATE** | 10/9/2001 |
| **CASE TITLE** | Clark Jordan vs. International Brotherhood | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Opinion and Order: Defendant's motion for summary judgment (28-1) is granted, and its request for costs and attorneys' fees is denied. Plaintiff's motion to strike (33-1) is denied as moot. Defendant's motion to enlarge time for discovery (22-1) is moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 23 2001 date docketed | 37 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 22 AM 10:53 | 10/19/2001 date mailed notice |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



CLARK JORDAN,

    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 731,

    Defendant.
_____/

No. 98 C 7582

Hon. John Corbett O'Meara

## OPINION AND ORDER

Before the Court are Defendant International Brotherhood of Teamsters Local 731's ("Local 731's" or "the union's") motion for summary judgment and Plaintiff Jordan's motion to strike some of Defendant's Statements of Undisputed Facts. Defendant filed its motion on December 14, 2000, Plaintiff filed his response and motion to strike on January 31, 2001, and Defendant filed a reply on February 7, 2001.

## BACKGROUND FACTS

Plaintiff Jordan is an African-American man, and he was employed as a truck driver at Palumbo Brothers, Inc. of Hillside, Illinois ("Palumbo") until December 1997. At all relevant times Palumbo and the Teamsters Local 731 in LaGrange, Illinois were parties to a collective bargaining agreement (CBA), and plaintiff was thus a member of Local 731. Article 15 of the CBA prohibits racial discrimination by either the union or Palumbo.

In 1997, Jordan complained to Local 731 about mistreatment by his employer. Jordan

alleges that he was given a pattern of work assignments that was inconsistent with his seniority status and that his working environment was racially hostile. He further alleges that he informed the union of both his seniority and discrimination complaints, but Local 731 asserts that he only told them of the seniority issue. The union then filed two grievances, in October and November 1997, based upon Jordan's seniority complaints. These grievances were denied by both Palumbo and the Joint Area Committee (a local body deciding such disputes). Jordan then filed charges of unfair labor practices with the NLRB against both Palumbo and the union. Palumbo settled the charge against it, and the charge against the union was denied by the NLRB's regional office and the Board on appeal.

Jordan then proceeded to file a charge with the EEOC, alleging that Defendant Local 731 racially discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, by refusing to file grievances based upon his claims of discrimination. After receiving a right-to-sue letter, he timely filed the instant complaint in this Court on November 11, 1998.

## **STANDARD OF REVIEW**

A motion for summary judgment under Fed. R. Civ. P. 56 may be granted if the pleadings and all supporting documentation show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995). However, the moving party need not produce evidence showing the absence of a genuine issue of

material fact. Rather, "the burden on the moving party may be discharged by `showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The court must view all the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Bender v. Southland Corp., 749 F.2d 1205, 1210-11 (6th Cir. 1984).

Once the moving party discharges its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. See Fed. R. Civ. P. 56(e); Talley, 61 F.3d at 1245. To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. See Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F. Supp. 214, 217 (E.D. Mich. 1990), aff'd, 929 F.2d 701 (6th Cir. 1991).

## LAW AND ANALYSIS

To establish a claim against the union, Plaintiff Jordan must prove by a preponderance of the evidence that:

>　(1) the employer committed a violation of the CBA;
>　(2) the union breached its own duty of fair representation by permitting the breach to go unremedied; and
>　(3) there is some indication of racial animus behind the union's actions.

See Bugg v. Int'l Union of Allied Indus. Workers, 674 F.2d 595, 598 n.5 (7th Cir. 1982); Greenslade v. Chicago Sun-Times, et al., 112 F.3d 853, 866-67 (7th Cir. 1997). Defendant Local

731 asserts in its Memorandum of Law in support of this motion that Plaintiff has failed to establish a genuine issue of material fact as to any of these three elements.

As to discrimination by Palumbo (the relevant breach of the CBA), Jordan can prove this either through direct evidence or through the burden-shifting analysis of <u>McDonnell-Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Plaintiff's Memorandum of Law argues that the acts of discrimination were two suspensions from work in August and November 1997 and a failure to call Jordan to work on three days in October 1997. There is no direct evidence of discrimination by Palumbo in the record of this case, so Plaintiff is proceeding under the McDonell-Douglas framework. Under that analysis, Jordan is indeed a member of a protected class and was qualified for the work from which he was suspended. However, Jordan does not make allegations that employees of different races were treated any differently than he was. In fact, Jordan only alleges that people less senior than him got the work instead of him, which may have been a violation of seniority rules, but was not race discrimination.

The focus of this case has been Local 731's behavior, not Palumbo's, and the allegations of Palumbo's discrimination are not very specific. According, Plaintiff has not created a genuine issue of material fact on this element.

As to the second prong of the analysis, Jordan alleges that he did make several complaints to the union about racial discrimination by his employer, and that the union refused to file a grievance upon this ground. The union indeed did not file any grievances upon this ground, but argues that it was not informed of Jordan's complaints about discrimination. There is a genuine issue of fact as to whether Jordan informed the union.

However, the standard for proving a union's breach of its duty of fair representation is a

4

high one: that the union's decision not to pursue a grievance is arbitrary or based on discriminatory or bad faith motives. See Greenslade, 112 F.3d at 867. Action or inaction by the union that results in unfairness to the employee is not enough; rather, intent to cause harm is the standard. See Gorski v. Local Union 134, Int'l Brotherhood of Electrical Workers, AFL-CIO, 636 F. Supp. 1174, 1180 (N.D. Ill. 1986). In this way, the second and third prongs of the analysis overlap. Plaintiff Jordan has provided no evidence of any bad faith or discriminatory motive on the part of Local 731. Further, Plaintiff presents no other instances in which the union did file grievances based on discrimination against members of other races. His own suppositions and deposition testimony about what he has heard about the union (Jordan Dep. at 156) are not sufficient evidence to create a genuine issue of material fact.

Finally, as just stated, Plaintiff has not provided any evidence of racial animus behind the union's alleged inaction. Jordan nakedly asserts that Local 731 has not filed any complaints of racial discrimination under the CBA, but does not refer the Court to any support for that assertion. Even if that statement is true, however, Plaintiff supplies no information about how many complaints of racial discrimination were lodged with the union, or if the union addressed them in other ways than through the filing of a grievance. Thus, Plaintiff's assertion is not the evidence of discrimination that Plaintiff argues it to be. According, Plaintiff has only made an allegation of animus and has not created a genuine factual dispute on this final element of his claim.

5

## ORDER

It is hereby **ORDERED** that Defendant's motion for summary judgment is **GRANTED**, and its request for costs and attorneys' fees is **DENIED**. Plaintiff's motion to strike is **DENIED** as moot.

_____
John Corbett O'Meara
United States District Judge

Date: 10-9-02

6